# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN D. PORTER,<br><br>        Petitioner,<br><br>    v.<br><br>EIGHTH JUDICIAL DISTRICT COURT, et al.,<br><br>        Respondents. | Case No. 2:17-cv-02719-JCM-NJK<br><br>**ORDER** |

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (ECF No. 4). The court finds that petitioner is unable to pay the filing fee.

    Petitioner commenced this action with a document titled "Petition the government for a redress of grievances." According to petitioner, since 2001 he has been awaiting trial on multiple charges. In 2008, the state district court severed one count each of burglary while in possession of a deadly weapon, attempted robbery with the use of a deadly weapon, and murder with the use of a deadly weapon. In 2009, petitioner was tried on those severed charges, and the jury found him guilty of second-degree murder with the use of a deadly weapon. The state district court sentenced petitioner to two consecutive sentences of life imprisonment with eligibility for parole starting after ten years. Petitioner has not yet been tried on the remaining charges. Petitioner asked this court to enter orders directing the state district court to dismiss the remaining charges as a speedy-trial violation. The Honorable Nancy J. Koppe, Magistrate Judge, noted correctly

1

1 | that this court does not have appellate jurisdiction over the state courts and that this court should
2 | not interfere with pending state prosecutions. Judge Koppe directed petitioner to show cause why
3 | the action should not be dismissed. Order (ECF No. 3). Petitioner then filed a document titled
4 | "Amended Petition" (ECF No. 5). Then petitioner filed a document titled "Request for the
5 | Correction of Error" (ECF No. 6); petitioner states that he did not intend to file an amended
6 | petition, but a supplemental petition. The court has reviewed these documents, and the court will
7 | dismiss this action. See 28 U.S.C. § 2243.

8 | Petitioner is claiming that his constitutional right to a speedy trial is being violated. He
9 | does not want the court to order the state district court to bring him to trial. Instead, he wants the
10 | court to order the state district court to dismiss the criminal charges pending against him. Federal
11 | courts should abstain from intervening in pending state criminal proceedings unless there are the
12 | extraordinary circumstances of a great and immediate danger of irreparable harm. Younger v.
13 | Harris, 401 U.S. 37, 45-46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886). A court
14 | "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is
15 | ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not
16 | barred from litigating federal constitutional issues in the state proceeding; and (4) the federal
17 | court action would enjoin the proceeding or have the practical effect of doing so, i.e., would
18 | interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley
19 | Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th
20 | Cir. 2008). First, criminal proceedings are ongoing in state court. Second, prosecution of crimes
21 | is an important state interest. See Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell,
22 | 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44. Third, petitioner may raise his
23 | constitutional claims in the state courts, by motions before the trial court, on appeal, or in a post-
24 | conviction habeas corpus petition. Furthermore, "the Speedy Trial Clause, when raised as an
25 | affirmative defense, does not embody a right which is necessarily forfeited by delaying review
26 | until after trial." Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980). "[A] speedy trial claim is
27 | best reviewed after trial when the district court's dismissal is more conclusive and allegations of
28 |

prejudice are less speculative." Id. (citing United States v. MacDonald, 435 U.S. 850 (1978)).[1]
Fourth, if this court granted petitioner relief, it would result in the termination of his state-court criminal action, which is an action that Younger disapproves. Because all four requirements of Younger are met, this court must abstain from considering the petition.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

The court denies the "Request for the Correction of Error" (ECF No. 6) because, no matter how the court construes the initial petition and the amended petition, the court needs to dismiss the action.

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 4) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT FURTHER IS ORDERED that petitioner's "Request for the Correction of Error" (ECF No. 6) is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED** without prejudice to petitioner litigating his claims in the correct forum and at the correct time. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: May 24, 2018.

_____
JAMES C. MAHAN
United States District Judge

---

[1] In this case, prejudice appears to be completely speculative. As noted above, petitioner already has received two consecutive sentences of life imprisonment with minimum parole eligibility after ten years. A review of the Nevada Department of Corrections' website shows that petitioner has been paroled institutionally from the first of those sentences and that, barring some unforeseen development, he will be eligible for parole on the second sentence on August 1, 2023. http://167.154.2.76/inmatesearch/form.php (last visited May 10, 2018). Petitioner is not deprived of liberty because of a long delay in bringing him to trial. He is deprived of liberty because he has an active judgment of conviction.